NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SALVADOR GUEVARA-MORALES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 18-72623

Agency No. A201-240-631

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2022[**]
Seattle, Washington

Before: HAWKINS and BUMATAY, Circuit Judges, and SEEBORG,[***] District Judge.

Salvador Guevara-Morales petitions for review of the Board of Immigration

Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge ("IJ")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard Seeborg, Chief United States District Judge for the Northern District of California, sitting by designation.

decision finding him ineligible for cancellation of removal. "We review factual findings for substantial evidence and legal questions de novo." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Guevara-Morales argues that the BIA erred in concluding that he was ineligible for cancelation of removal under 8 U.S.C. § 1229b(b)(1)(C) for having been convicted of "an offense" under § 1227(a)(2). Specifically, he contends that his conviction for attempted promotion of prostitution, in violation of sections 161.405(2)(d) and 167.012 of the Oregon Revised Statutes, did not constitute "an offense" under § 1227(a)(2) because the crime was not committed within five years after the date of his admission into the country. *See* 8 U.S.C. § 1227(a)(2)(A)(i) (defining crimes of moral turpitude).

That argument is foreclosed by binding precedent. This court has upheld the BIA's interpretation of § 1229b(b)(1)(C) that "the 'offense under' language . . . incorporates only the offense-specific characteristics of the cross-referenced sections." *Ortega-Lopez v. Barr*, 978 F.3d 680, 691 (9th Cir. 2020) (simplified). And in regard to § 1227(a)(2)(A)(i), "an offense" is established "if the alien has been convicted of a crime involving moral turpitude for which a sentence of one year or more may be imposed, regardless whether the alien meets the [within-five-years condition]." *Id.* at 693. Here then, Guevara-Morales's argument that the BIA erred

2

in concluding he was ineligible for cancellation of removal fails because he does not challenge the BIA's conclusion that his conviction for attempted promotion of prostitution was a crime involving moral turpitude that carried a possible sentence of at least one year.[1]

     **PETITION DENIED.**

---

[1] Guevara-Morales's statement that he "does not concede that his offense was for a [crime involving moral turpitude] as that issue need not be reached to resolve this case" is insufficient to preserve any argument relating to that issue. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").